# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6019 | **DATE** | 5/13/2011 |
| **CASE TITLE** | Brandl vs. Superior Air-Ground Ambulance Serv., Inc. | | |

**DOCKET ENTRY TEXT**

The defendant's motion to strike the plaintiff's Rule 56.1 Statement of Additional Facts [46] is denied. Given this, the parties shall disregard the briefing schedule set for the motion to strike.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The defendant argues this court should strike numerous paragraphs in the plaintiff's Rule 56.1 statement for noncompliance with Local Rule 56.1(b)(3)(C) and this court's Standing Order Regarding Motions for Summary Judgment. Motions to strike, however, are generally disfavored because they "potentially serve only to delay." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). This motion to strike is no different.

Local Rule 56.1(b)(3)(C) prohibits a respondent to a summary judgment motion from filing a Rule 56.1 statement in excess of 40 paragraphs without leave of court. In pertinent part, this court's standing order states, "Facts must be set forth in short numbered paragraphs, generally limited to one fact per paragraph." Standing Order Regarding Motions for Summary Judgment, at 3. The defendant concedes that the plaintiff's Rule 56.1 statement does not exceed 40 paragraphs, but argues that the complained-of paragraphs "are lengthy, contain numerous separate alleged facts, and contain multiple sentences;" therefore, were each fact moved to its own paragraph, the plaintiff's Rule 56.1 statement would amount to more than 40 paragraphs. (Def.'s Mot. to Strike at 1.)

First of all, the court does not agree that all of the paragraphs about which the defendant complains contain more than one fact or multiple sentences. (*See*, *e.g.*, Pl.'s Rule 56.1 Stmt. ¶ 14.) Secondly, many of the complained-of paragraphs include one overarching fact, followed by several sentences of examples, each with their own citations to the record. The court imagines that if it granted the defendant's motion to strike, the plaintiff would simply delete the additional sentences of illustrative examples and add the citations to the record included with those examples to those that follow the sentence including the overarching fact. The substance of the paragraph would remain the same. Lastly, it appears that resolving the defendant's multi-issue motion for partial summary judgment will involve a fact-intensive inquiry. Given this, had the plaintiff asked, the court would have granted the plaintiff leave to include more than 40 paragraphs, albeit perhaps only a few more

| STATEMENT |
|---|

paragraphs, in her Rule 56.1 statement.

     Given the foregoing, the grant of the motion to strike would be unlikely to change the substance of the Rule 56.1 statement. Rather, as is generally the case, it would serve only to delay the proceedings and create extra work for the lawyers and the court. In addition, the court's standing order states that the paragraphs should be "*generally* limited to one fact per paragraph." Standing Order Regarding Motions for Summary Judgment, at 3 (emphasis added). Especially where, as here, the plaintiff's Rule 56.1 statement is clear and does not appear to take undue advantage of the fact the court's one-fact-per-paragraph admonition is not a hard and fast rule, the court will decline to strike a respondent's Rule 56.1 statement for failing to strictly comply with the court's standing order. Nevertheless, the parties are advised that they should always endeavor to follow the rules and this court's orders.