IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN BRANDL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-C-06019 |
| ) | |
| SUPERIOR AIR-GROUND ) | Hon. John J. Tharp, Jr. |
| AMBULANCE SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND, ALTERNATIVELY, TO PRECLUDE ANY PUNITIVE DAMAGES INSTRUCTION

### INTRODUCTION

Plaintiff received her day in Court but failed as a matter of law to introduce evidence necessary to support a finding against Defendant for gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq*). Plaintiff failed at every turn to introduce evidence sufficient to allow any reasonable juror to find that Defendant terminated her employment because of her gender, that the legitimate, non-discriminatory reason for Mr. Hill's decision to terminate Plaintiff's employment was pretextual, or that similarly-situated male executives were treated more favorably than Plaintiff (i.e, not terminated) under similar circumstances. *Wyninger v. Newventure Gear, Inc.*, 361 F.3d 965, 978 (7th Cir. 2004); *Karazanos v. Navistar Inter'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991).

Plaintiff has not demonstrated that Defendant is liable under Title VII of the Civil Rights Act and, therefore, Defendant is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

## ARGUMENT

Federal Rule of Civil Procedure 50 permits a Court to grant judgment as a matter of law "as soon as it becomes apparent that a plaintiff cannot establish an essential element of [her] claim." *Greene v. Potter*, 557 F.3d 765, 768 (7th Cir. 2009) (granting defendant's motion for a directed verdict on plaintiff's Title VII discrimination claim prior to the close of plaintiff's case-in-chief). In assessing the evidence, "[t]he question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury properly could find a verdict for that party."[1]

### I. Plaintiff Failed To Establish Her Discrimination Claim.

To prove a case of gender discrimination, Plaintiff must establish by a preponderance of the evidence that (1) she was in a protected category, (2) she performed her job in a satisfactory manner, (3) she suffered a materially adverse employment action, and (4) similarly-situated male employees were treated more favorably. *Wyninger v. Newventure Gear, Inc.*, 361 F.3d 965, 978 (7th Cir. 2004); *Karazanos v. Navistar Inter'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991). Moreover, Courts "do not sit as a super-personnel department with authority to review an employer's business decision as to whether someone should be fired or disciplined...." *Ptasznik v. St. Joseph Hospital*, 464 F.3d 691, 697 (7th Cir. 2006). The evidence Plaintiff presented in her case-in-chief falls far short of that needed to support a jury's finding in her favor as to whether she performed her job satisfactorily and whether similarly situated male employees were treated more favorably. Quite simply, Plaintiff has failed to present any actual evidence that she was terminated because of her gender. Therefore, the Court should grant judgment in favor of Defendant pursuant to Federal Rule of Civil Procedure 50.

---

[1] Wright & Miller, Federal Practice and Procedure § 2524; *Walker v. Bd. of Regents*, 410 F.3d 387, 393 (7th Cir. 2005).

Plaintiff has failed to establish that she would not have been terminated if she had been male. Instead, the evidence clearly establishes, and Plaintiff's own witnesses have testified, that Plaintiff was terminated because Mr. Hill, Defendant's Owner, President and CEO, simply felt that he could no longer trust her as a member of the senior executive team given his belief that Plaintiff had repeatedly lied to him in an Executive Team meeting.

Plaintiff also failed to introduce evidence sufficient to support her theory that Terry Pahl, Defendant's female interim CFO, was the true decision maker or somehow caused Plaintiff's termination under a Cat's Paw theory and that Pahl discriminated against another woman in doing so. Under the Cat's Paw theory, "an employer may be liable . . . if a nondecision-maker performs an act motivated by [discriminatory] animus that is intended to cause an adverse employment action, and that act is a *proximate cause* of the ultimate employment action." *Jajeh v. County of Cook,* 678 F.3d 560, * 572 (7th Cir. 2012) (citing *Harris v. Warrick Cnty. Sherriff's Dep't,* 666 F.3d 444, 448 (7th Cir. 2012) (emphasis in original). It is only appropriate "to impute discriminatory or retaliatory animus to a decision-maker when the 'party nominally responsible for the decision is, by virtue of her role in the company, *totally dependent on another employee to supply the information on which to base that decision.*'" *Hicks v. Forest Pres. Dist.,* 677 F.3d 781, 790 (7th Cir. 2012) (discussing *Stab v. Proctor Hosp.,* 131 S. Ct. 1186 (2011)) (emphasis added). In this case, not a single witness testified as to facts supporting a claim of discrimination. There is no evidence that Ms. Pahl had a discriminatory animus as to Plaintiff's gender. Nor is there any evidence that Ms. Pahl was the proximate cause of Plaintiff's termination. Rather, the evidence makes clear that Mr. Hill reached the decision to terminate Plaintiff on his own and for a simple, nondiscriminatory reason – he could no longer trust her. Simply put, no evidence of gender discrimination exists and Plaintiff has failed to establish such

during her case-in-chief. No reasonable juror could conclude that Plaintiff was terminated due to gender discrimination.

## II. Plaintiff Has Failed To Present Sufficient Evidence Of Malice Or Reckless Indifference To Support Her Punitive Damages Claim.

Under Title VII, punitive damages may only be recovered "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Where the plaintiff does not provide "sufficient evidence of malice or reckless indifference," the court must not "submit a punitive damages instruction to the jury." *Summit v S-B Power Tool*, 121 F.3d 416, 423 (8th Cir. 1997); *Ortiz v. John Butler Co.*, 94 F.3d 1121, 1126-27 (7th Cir. 1996) (plaintiff not entitled to punitive damages on her Title VII claim because she did not present evidence that the defendant acted with malice); *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 636-37 (7th Cir. 1996) (punitive damages awarded only when evidence can support a jury finding that the defendant acted with malice). Here, Plaintiff has introduced *no* evidence sufficient to carry her burden to prove malice or reckless indifference.

No reasonable juror could conclude that Defendant acted with malice or reckless indifference toward Plaintiff based on her gender. As such, the Court should grant judgment as a matter of law in favor of the Defendant on the issue of Plaintiff's punitive damage claim.

## CONCLUSION

WHEREFORE, for the reasons set forth in this motion, Defendant respectfully requests that this Court grant its Motion for Judgment as a Matter of Law and enter judgment against Plaintiff. Alternatively, Defendant requests that the Court preclude any jury instruction as to punitive damages.

SUPERIOR AIR-GROUND AMBULANCE
SERVICE, INC.


By: /s/ Rachel E.A. Atterberry
     One of Its Attorneys

Steven M. Hartmann (#6185428)
Rachel E.A. Atterberry (#6282853)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312-360-6000
Fax: 312-360-6573
Attorneys for Defendant

November 8, 2012

# CERTIFICATE OF SERVICE

I, Rachel E.A. Atterberry, an attorney, do hereby certify that I caused the attached **Defendant's Statement** to be served upon the following:

> Kristin M. Case
> Kate Sedey
> Kendra Kutko
> The Case Law Firm, LLC
> 250 S. Wacker Dr., Suite 230
> Chicago, Illinois 60606
> kcase @thecaselawfirm.com
> ksedey@ thecaselawfirm.com
> kkutko@thecaselawfirm.com

via the hand delivery and the Court's ECF filing system on November 8, 2012.

/s/ Rachel E.A. Atterberry

2740232v1